USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/06/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEBRA DOBBS,

                                                Plaintiff,

              -against-

NYU LANGONE MEDICAL CENTER,

                                                Defendant.
-----------------------------------------------------------------X

1:18-cv-01285-MKV-KHP

<u>ORDER ON MOTION TO STAY</u>

**KATHARINE H. PARKER, United States Magistrate Judge:**

       The instant action has been pending since February of 2018 and has now reached the final stages of litigation.  The period to complete discovery has ended, and Defendant timely advised the Court that it intends to move for summary judgment on all of Plaintiff's claims in the near future.  Defendant now moves, with Plaintiff's consent, for a stay of the upcoming pre-trial deadlines and trial pending the resolution of its anticipated summary judgment motion.  For the reasons set forth below, Defendant's Motion to Stay is GRANTED.

       "Courts . . . have the inherent power to issue a stay as a case management tool."  *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (AJN) (KHP), 2019 WL 6681560, at *7 (S.D.N.Y. Dec. 6, 2019); *see also Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991) ("[W]e have recognized that the district courts have 'inherent power' to grant stays in certain circumstances.").  "Stays are appropriate when they promote judicial economy and avoid confusion and possibly inconsistent results."  *Sater*, 2019 WL 6681560, at *7.  "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the

prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *APS Tech., Inc. v. Brant Oilfield Mgmt. & Sales, Inc.*, No. 13CV6500-LTS-KNF, 2014 WL 12539360, at *1 (S.D.N.Y. July 23, 2014) (alteration in original) (internal quotation marks and citation omitted).

With respect to the first factor, the Court finds that Plaintiff will not be prejudiced or burdened by a stay, as evidenced by her consent to stay this action, the fact that Defendant timely advised the Court of its intent to move for summary judgement, and the fact that this case cannot proceed to trial while the summary judgment motion, which will seek to dismiss all of Plaintiff's claims, is pending. As to the second factor, Defendant will not be prejudiced for the same reasons outlined above. With respect to the third, fourth, and fifth factors, a stay will serve the best interests of the Court and the public, and promote judicial economy, because the decision on Defendant's summary judgment motion will determine what claims will proceed to trial. Additionally, no third parties will be affected by granting the Motion to Stay.

Accordingly, Defendant's Motion to Stay the deadlines outlined in items two through eight of this Court's Pre-Trial Scheduling Order (Doc. No. 46) pending the resolution of its motion for summary judgment is GRANTED.

**SO ORDERED.**

Dated: New York, New York
March 6, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge

2